# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 43 | **DATE** | 5/10/2002 |
| **CASE TITLE** | Keane vs. METRA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons set forth on the attached Memorandum Opinion and Order, the Court denies Metra's motion to disqualify (10-1). The Court sets the following schedule on Metra's motion for summary judgment: plaintiff's response is due on or before 6/6/02 and Metra's reply is due on or before 6/20/02. The Court will rule by mail.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAY 13 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 17 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| OR | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RAYMOND KEANE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 01 C 43 |
| ) | |
| NORTHEAST ILLINOIS REGIONAL ) | |
| COMMUTER RAILROAD CORP., ) | |
| d/b/a METRA, ) | |
| ) | |
| Defendant. ) | |

**DOCKETED**

**MAY 13 2002**

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Raymond Keane, a locomotive engineer for Metra, has sued Metra under the Federal Employer's Liability Act for neck and back injuries he sustained on the job. The case is before the Court on Metra's motion to disqualify Hoey Farina & Downes, the law firm representing Keane. Metra seeks disqualification because of HFD's representation of Ellen Emery, a former Metra in-house attorney, in a personal injury action she filed against Metra for injuries she sustained on the job. While at Metra, Emery handled Keane's case on behalf of the railroad.

When deciding a motion to disqualify, the Court first determines whether a substantial relationship exists between the subject matter of the prior and present representations. *Cromley v. Board of Education of Lockport H.S. District 205*, 17 F.3d 1059, 1064 (7th Cir. 1994) (citations omitted). If it does, we presume that client confidences have been or will be shared, and then ask whether that presumption has been rebutted. *Id.* Although Emery did not join HFD's team in a professional capacity and did not technically switch sides in that litigation, the

substantial relationship test is probably met here because Emery defended Metra against the allegations brought by Keane and HFD and because she became a client of HFD, which was representing Keane at the time. Metra argues that because Emery handled Keane's case, the presumption that she has shared or will share client confidences and secrets with HFD and Dennis Farina, the lead HFD attorney handling her FELA case, is irrebuttable and that disqualification is therefore automatically warranted. But, as the Seventh Circuit has recognized, the presumption of shared confidences has been held to be irrebuttable only when an entire law firm switches from one side in a law suit to the other side in the same lawsuit. *Cromley*, 17 F.3d at 1066. Because that is not the case here, we must determine whether HFD has rebutted the shared confidences presumption.

Metra's arguments notwithstanding, nothing here suggests that the "public's interest in maintaining the highest standards of professional conduct and the scrupulous administration of justice," Defendant's reply brief, p. 9, has been or will be compromised; on the contrary, HFD has demonstrated its desire and ability to further these goals in the past, *see Miller v. Chicago & North Western Transportation Co.*, 938 F. Supp. 503, 504-05 (N.D. Ill. 1996), and the Court is persuaded that they have done so again here. In response to Metra's motion, Emery and Farina submitted affidavits that make clear that Emery has never divulged to HFD any confidences or secrets relating to Metra, including information about Metra's litigation and trial strategies, case reserves and settlement policies and practices. Affidavit of Ellen Emery, ¶¶12, 20, 24; Affidavit of Dennis Farina, ¶¶2-4. In fact, both Emery and Farina recognized that the representation could give rise to ethical concerns and took steps to avoid any such disclosures. Emery stated that during the course of her initial discussions with Farina about whether he would take her case,

2

both she and Farina acknowledged that Emery was ethically bound by client disclosure rules; she also states that she and Farina expressly agreed that she would strictly comply with the ethics rules governing disclosure of client confidences and secrets and that she would not, under any circumstances, reveal, divulge or disclose to Farina or HFD any confidences or secrets of Metra. Emery Affidavit, ¶¶13-14. Additionally, HFD submitted affidavits from the other attorneys at the firm stating that Emery has never provided them with any confidences or secrets of Metra. *See* Affidavit of George Burgess, ¶¶5, 8; Affidavit of Craig Church, ¶¶5, 7; Affidavit of Robert Drummond, ¶¶5, 7; Affidavit of Alan Fisher, ¶4; Affidavit of James Foley, ¶¶5,7; Affidavit of Steven Garmisa, ¶4; Affidavit of Richard Haydu, ¶¶5, 8; Affidavit of J. Dillon Hoey, ¶4; Affidavit of Michael Libman, ¶4; Affidavit of Frank Van Bree, ¶4. We find that Emery's and Farina's affidavits, supported by the affidavits of the other attorneys at the firm, are sufficient to rebut the presumption that Emery has shared or will share Metra's confidences and secrets with HFD. *Accord, Burrow v. Northeast Illinois Regional Commuter Railroad Corp.*, No. 00 C 3648, Memorandum Opinion and Order Denying Motion to Disqualify (N.D. Ill. May 6, 2002).

It is troubling that Emery appears to have continued to represent Metra in this case for about a month after retaining HFD. And even then, she did not withdraw voluntarily; she was removed from the case by Metra's general counsel. She should have gone to Metra immediately upon consulting or at least upon retaining HFD to ask that she be removed and screened off from cases in which HFD was acting as opposing counsel (and HFD should have advised her to do so). She did not do so. But Metra has not argued that its defense in this case was in any way compromised by Emery's continued involvement during that last month. And after Emery was removed from the case, we gave Metra's new counsel additional time to prepare the case. Metra

3

has based its disqualification motion solely on the presumption that confidences have been or will be disclosed and, as explained above, we reject that argument.

## Conclusion

For the reasons explained above, the Court denies Metra's motion to disqualify [Docket # 10-1]. The Court sets the following schedule on Metra's motion for summary judgment: plaintiff's response is due on or before June 6, 2002, and Metra's reply is due on or before June 20, 2002. The Court will rule by mail.

Dated: May 9, 2002

MATTHEW F. KENNELLY
United States District Judge

4